———o———

MORRIS ROGERS, Appellant, *vs.* SAMUEL TURNER, Respondent.

1. *Parent and child—Medical attentions to minor—Parent, when liable.*—A parent cannot be held for medical services rendered to a minor child, although coming under the head of necessaries, in a case where it appeared that they were given without the consent of such parent, and also that the parent employed a family physician of his own, and never refused to supply the child with medical attention.

*Appeal from Carroll Circuit Court.*

*L. H. Waters, with J. W. Sebree,* for Appellant.

I. If the medical services rendered were necessary to preserve life or health of respondent's son, his liability is fixed. (St. Ferdinand Loretta Academy vs. Bobb, 52 Mo., 358, and cases cited; Paul v. Hummel, 43 Mo., 122.)

No actual knowledge or express authority is necessary in order to charge the defendant, he being under a natural and legal obligation to maintain and support his minor son. The law, from motives of humanity and protection to the infant, raises an implied promise on the part of the parent, to pay for necessaries so furnished. (14 Johns., 92; 10 Johns., 244; 1 Caines, 385-6; Chaffee vs. Thomas, 7 Cow., 358, and cases there cited.)

Suppose defendant did have a family physician, the bill of exceptions does not show that his services were at all times available, but to the contrary.

*Hale & Eads*, for Respondent.

I. The services rendered were without the knowledge or consent of the parent.

II. The services rendered were not necessaries. The minor son was living with the defendant, who had a family physician, who would have given any medical attention necessary.

III. The defendant never refused to supply his son with the necessary medical attention, and without such refusal he could not be held liable. (Van Walkenburg vs. Watson, 13 Johns., 480.)

IV. It was the duty of plaintiff to inform respondent of the fact of his rendering medical attention to his son.

V. Respondent referred to 1 Pars. Cont., 247–256; Gordon vs. Patten, 17 Ver., 350.

NAPTON, Judge, delivered the opinion of the court.

This action was by a physician to recover a bill of $25 against defendant, for medical services to his son, in treating and curing the son of a disreputable disease.

The evidence clearly showed that the son was a minor living with the father, and consulted and employed the plaintiff without the knowledge of the father, who had a family physician. Neither the son or the plaintiff advised the father of the fact until eighteen months after the services were rendered.

The court gave all the instructions asked by the plaintiff; but rendered a verdict and judgment against him, and we think the judgment is right. Medical services of the character might be considered as necessaries; but the father never having refused to supply the son with any medical attention that might be necessary, was under no obligation to pay for services rendered without his knowledge or consent.

The judgment is affirmed; the other judges concur.